**FOR WOMEN ONLY FITNESS, INC.;**
Gary Peterson, Plaintiffs—
Appellants,

v.

**SPECIALTY NATIONAL INSURANCE COMPANY, Defendant—Appellee.**

No. 06–55862.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 2008.

Filed Feb. 12, 2008.

Richard G. Osborn, Esq., Kevin B. Carter, Esq., Osborn & Associates, Rancho Cucamonga, CA, for Plaintiffs–Appellants.

Stephen P. Soskin, Esq., Miquel S. Ramirez, Charleston, Revich & Chamberlin LLP, Los Angeles, CA, for Defendant–Appellee.

Before: HALL, GRABER, and
BERZON, Circuit Judges.

## MEMORANDUM *

Plaintiffs For Women Only Fitness, Inc., and Garry Peterson, president and an employee of For Women Only, brought suit against Defendant Specialty National Insurance Company, asserting a number of causes of action arising from Defendant's refusal to defend Plaintiffs in a lawsuit brought against Plaintiffs by a former employee. The district court dismissed Plaintiffs' First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs timely appealed. On de novo review, *ASW v. Oregon*, 424 F.3d 970, 974 (9th Cir.2005), we affirm in part, reverse in part, and remand for further proceedings.

■ 1. The insurance contract's Employment–Related Practices Exclusion ("Exclusion"), on which Defendant relied to deny coverage for the third-party lawsuit, is valid. Under California law, which the parties agree controls interpretation of the insurance contract, the exclusion is conspicuous, clearly worded, and enforceable. *See MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 3 Cal.Rptr.3d 228, 73 P.3d 1205, 1213 (2003) (stating that for an exclusionary clause to be enforceable it "must be conspicuous, plain and clear" (internal quotation marks omitted) (emphasis omitted)). The straight-forward organization of the endorsement, the heading of the endorsement as specific to "FITNESS AND WELLNESS PROGRAM," the use of bold capital letters to highlight "**EXCLUSIONS,**" the use of simple and understandable text to explain the scope of the limitations it imposes, and the conformity with the same exclusion under the Employer's Liability Insurance section of the policy combine to make the Exclusion an enforceable part of the insurance contract.

■ 2. The complaint filed by Plaintiffs' former employee, which Plaintiffs allege gave rise to a duty to defend, and which they allege they supplied to Defendant, is not part of the record. But Plaintiffs describe the contents of that complaint in their First Amended Complaint and, at this stage in the proceedings, we must accept that description as true and interpret the First Amended Complaint in Plaintiffs' favor. *Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir.2001). When we do that, we conclude that the underlying complaint allegedly contained a defamation claim within the coverage of the insurance policy. That being so, there could have been a duty to defend. *See Montrose Chem. Corp. of Cal. v. Superior Court*, 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1157 (1993) (describing California's duty to defend as arising when a suit "*potentially* seeks damages within the coverage of the policy" (internal quotation marks omitted)). Accordingly, the district court erred in holding that the complaint here fails to state a claim for breach of contract.[1]

3. Plaintiffs allege on behalf of themselves and the general public that Defendant violated California's Unfair Business Practices law. Cal. Bus. & Prof.Code

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. By contrast, Plaintiffs' allegations concerning comments external to the third-party complaint fail to state a claim because Plaintiffs do not allege that Defendant knew of those comments when it acted. *See Montrose Chem.*, 24 Cal.Rptr.2d 467, 861 P.2d at 1158 (stating that facts extrinsic to an underlying complaint can trigger a duty to defend if those facts are known to the insurer).

§§ 17200–17209. The parties agreed at oral argument, and we also agree, that Plaintiffs' statutory claim survives insofar as it is coextensive with the viable portion of the breach of contract claim. Indeed, the district court made a similar observation. Thus, we reverse in part the district court's dismissal of Plaintiff's claim under the Unfair Business Practices law.

4. At oral argument, Plaintiffs conceded that, if the Exclusion is enforceable, their remaining claims, which depend on the Exclusion's invalidity, were properly dismissed. Therefore, we affirm the district court's dismissal of Plaintiffs' remaining claims.

AFFIRMED in part; REVERSED and REMANDED in part. The parties shall bear their own costs on appeal.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.